IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MASON COMPANIES, INC.,

                              Plaintiff,                              OPINION

         v.
                                                                     13-cv-693-jdp

ZHANJIE FEN, d/b/a SHOPEMCOCO.COM
and DEHUA HAN, d/b/a HINESSY.COM

                              Defendants.

Plaintiff Mason Companies, Inc. has filed a motion for contempt against defendants Zhanjie Fen, d/b/a SHOPEMCOCO.COM and Dehua Han, d/b/a HINESSY.COM for violating the court's order, dated September 16, 2014. Dkt. 41. The court will grant the motion and issue a separate injunction with most of the terms proposed by Mason. The court declines to issue one part of Mason's suggested order, namely that:

> Those in privity with defendants and those with notice of the permanent injunction, including any Internet search engines, web hosts, domain name registrars, and domain name registries that are provided with notice of the permanent injunction, shall immediately cease facilitating access to any and all websites and accounts through which defendants engage in the sale, advertisement, or promotion in the United States of America of products or services using the "SHOEMALL," "SHOE MALL," "Shoes Mall," or "ARRAY" designations.

The court will not enter this part of the order because it is vague. As written, it applies to those in privity with defendants (which is fine) and those with notice of the injunction. That part goes too far. I will not issue an order directed to virtually anyone that plaintiff chooses. The activity to be enjoined—"facilitating access"—is also too vague to be enjoined. Presumably, Mason

would like to use the injunction order to force internet search engines to make the defendants, or at least their infringing business operations, disappear from the internet. I will not issue such an order without some showing that it is feasible and not unduly burdensome for internet search engines.  I believe that Mason will effectively achieve its intended objective with an injunction directed at the domain name registrars and web hosts.

Entered this 12th day of November, 2014.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge